IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

**TREVIS TYRELL SISTRUNK,** :
:
         **Plaintiff** :
:
    VS. :
:   **CIVIL No: 4:21-CV-00087-CDL-MSH**
**S.G. MITCHELL, et al.,** :
:
         **Defendants** :

## ORDER

*Pro se* Plaintiff Trevis Tyrell Sistrunk, a pre-trial detainee at Muscogee County Jail in Columbus, Georgia, has filed a motion for reconsideration of this Court's September 14, 2021 order dismissing his complaint. ECF No. 10. The Court dismissed the present action as duplicative of another of Plaintiff's actions in this Court. *See* ECF No. 7. Plaintiff asks this Court to "reconsider" the dismissal of the present complaint. ECF No. 10.

Plaintiff's motion appears to be in the nature of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e). *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1299 (11th Cir. 2010) (recognizing that the courts routinely treat post-judgment motions for reconsideration as Rule 59(e) motions). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-

CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witte*r, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (internal quotation marks omitted) (alterations in original); *see also Michael Linet, Inc. v. Village of Wellington, Fla*., 408 F.3d 757, 763 (11th Cir. 2005). Furthermore, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc*., No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker*, 2017 WL 4797522, at *1 (holding same).

Motions for reconsideration under the Local Rules are treated similarly. In this regard, motions for reconsideration are not to "be filed as a matter of routine practice." M.D. Ga. Local R. 7.6. Moreover, reconsideration is only appropriate when "(1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law." *Fla. Found. Seed Producers, Inc. v. Ga. Farms Servs., Inc.*, 977 F. Supp. 2d 1336 (M.D. Ga. 2013).

2

Here, Plaintiff asserts that he recast his complaint as ordered in "the Countryman case" and thus "the complaints should not have been duplicative". ECF No. 10. He claims "something is wrong". *Id*. Plaintiff further argues that he is "being denied access to the courts due to the jail law library being down for months". *Id*. Plaintiff raises no argument and claims within his post-judgment motion on new law, newly discovered evidence, nor why the Court's dismissal was in any way erroneous. He merely states that "something is wrong" and this argument does not meet the standards for granting a motion to alter or amend the judgment under Fed. R. Civ. P. 59 or a motion for reconsideration under Local Rule 7.6.

As an initial matter, a motion for reconsideration is not appropriate for litigating claims not previously raised such as Plaintiff's claim in his reconsideration motion that he is being denied access to the Courts. Plaintiff raised no such access to courts claim in his initial complaint. *See* ECF No. 1. Although Federal Rule of Civil Procedure 15 allows parties to amend pleadings, Rule 15 has no application "once the district court has dismissed the complaint and entered final judgment for the defendant." *Lee v. Alachua Cnty, Fla.*, 461 F. App'x 859, 860 (11th Cir. 2012) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)). A plaintiff may seek leave to amend post-judgment only "if he is first granted relief under [Federal Civil Procedure] Rule 59(e) or Rule 60(b)(6)." *Lee*, 461 F. App'x at 860 (alteration in original) (quoting *Jacobs*, 626 F.3d at 1344-45). "[T]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of

judgments and the expeditious termination of litigation." *Williams v. Citigroup, Inc.*, 659 F.3d 208, 213 (1st Cir. 2011) (quoting *Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)).

Moreover, Plaintiff's assertion that he filed his recast complaint in "the Countryman case" only reiterates the acute similarity of this action with *Sistrunk v. Countryman,* 4:21-cv-00069-CDL-MSH. Plaintiff's recast complaints in *Countryman* names the jail dentist, S.G. Mitchell, as a Defendant and raises a claim regarding his dental care just as he did in the present action. *Compare* ECF No. 1 with ECF Nos. 5 and 9 in *Sistrunk v. Countryman,* 4:21-cv-00069-CDL-MSH. In fact, Defendant Mitchell has been served with a copy of Plaintiff's complaint in *Countryman* after this Court's preliminary review pursuant to 28 U.S.C. § 1915A(a). ECF Nos. 10 and 11. Thus, Plaintiff's motion does not show any clear error of law or of fact in this Court's conclusion that the complaints were duplicative

## CONCLUSION

Plaintiff raises no argument and claims within his post-judgment motion on new law, newly discovered evidence, nor why this Court's dismissal was in any way erroneous. Because Plaintiff has failed to satisfy the standards under Rule 59 or M.D. Ga. Local R. 7.6 and because he is not entitled to amend his complaint post-judgment, Plaintiff's motion for reconsideration (ECF No. 10) is **DENIED**.

**SO ORDERED**, this **5th** day of **January, 2022**.

S/ Clay D. Land
CLAY D. LAND, JUDGE